UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERT CROCKER,

    Plaintiff,

v.

THE KENAN ADVANTAGE GROUP, INC., BETTS INDUSTRIES, INC., WABASH NATIONAL TRAILER CENTERS, INC., and BRENNER TANK SERVICES LLC

    Defendants,

Court No. 1:21-cv-03688

JURY DEMAND

## PLAINTIFF'S COMPLAINT AT LAW

NOW COMES the Plaintiff, ROBERT CROCKER, by and through his attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC and brings his complaint at law against Defendants THE KENAN ADVANTAGE GROUP, INC., BETTS INDUSTRIES, INC., WABASH NATIONAL TRAILER CENTERS, INC., and BRENNER TANK SERVICES, LLC, and in support thereof, states as follows:

### PARTIES, JURISDICTION & VENUE

1. Plaintiff Robert Crocker is a permanent resident of Chicago, Illinois and, thereby, the Northern District of Illinois.

2. The amount in controversy in this case is in excess of $75,000.00.

3. The events giving rise to this claim transpired at 1827 18th Avenue, Rockford, Illinois, 61104.

1

4. Defendant THE KENAN ADVANTAGE GROUP, INC. is an Ohio Corporation, and, upon information and belief, their primary place of business is 4366 Mt. Pleasant St. NW, North Canton, Ohio 44720.

5. Defendant BETTS INDUSTRIES, INC. is a Pennsylvania Corporation, and, upon information and belief, their primary place of business is 1800 Pennsylvania Ave., Warren, Pennsylvania 16365.

6. Defendant WABASH NATIONAL TRAILER CENTERS, INC. is a Delaware Corporation, and, upon information and belief, their primary place of business is 1000 Sagamore Parkway S., Lafayette, Indiana 47905.

7. Defendant BRENNER TANK SERVICES LLC is a Wisconsin Corporation and subsidiary of Defendant WABASH NATIONAL TRAILER CENTERS, INC., and, upon information and belief, their primary place of business is 450 Arlington Avenue, Fon Du Lac, Wisconsin 54935.

8. Jurisdiction in this Court is proper under 28 U.S.C. § 1332.

9. Venue in the Northern District of Illinois, Eastern Division is proper under 28 U.S.C. § 1391(b)(2).

**COUNT I**
**ROBERT CROCKER V. THE KENAN ADVANTAGE GROUP, INC.**
**(Negligence)**

10. The Plaintiff incorporates paragraphs one (1) through nine (9) of this complaint as if fully alleged herein Count I.

11. On or about March 9, 2020 and at all relevant times, Defendant THE KENAN ADVANTAGE GROUP, INC. owned, possessed, operated, managed, inspected, maintained, and controlled a certain trailer with valves which was used to transport chemicals.

12. On or about March 9, 2020 and at all relevant times, Defendant THE KENAN ADVANTAGE GROUP, INC. had a duty to use ordinary care in owning, possessing, operating, managing, maintaining, inspecting, and controlling, both directly and indirectly, individually and through their agents, servants and employees, a certain trailer with valves which was used to transport chemicals.

13. On March 9, 2020, Plaintiff ROBERT CROCKER transported chemicals in the aforementioned trailer with valves.

14. On March 9, 2020, the trailer, its valves and other components failed to operate properly and caused chemicals to spill.

15. On March 9, 2020, these chemicals came into contact with Plaintiff Robert Crocker causing him to suffer serious burns on his extremities.

16. On March 9, 2020 and prior thereto, Defendant THE KENAN ADVANTAGE GROUP, INC. breached its duty of ordinary care and were then and there guilty of one or more of the following careless and negligent acts and/or omissions:

    (a)    Failed to make a reasonable inspection of the trailer and valves when the Defendant knew, or in the exercise of ordinary care, should have known that said inspection was necessary to prevent injury to Plaintiff; or

    (b)    Improperly operated, managed, maintained, and controlled the aforesaid trailer and valves, so that as a direct and proximate result thereof, the Plaintiff was injured; or

    (c)    Failed to warn the Plaintiff of the dangerous conditions then and there existing, when Defendant knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff; or

    (d)    Failed to ensure that the trailer, valves and components were intrinsically safe; or

    (e)    Failed to properly supervise the use trailer, valves and components; or

(f) Allowed and permitted an unsafe trailer, valves, and components to be used by persons, including Plaintiff Robert Crocker; or

(g) Directed Plaintiff Robert Crocker utilize an unsafe trailer, valves, and components when Defendant knew or should have known that such use would proximately result in his injury; or

(h) Negligently instructed Plaintiff Robert Crocker in his response to the leaking chemicals when Defendant knew or should have known that such instruction would proximately result in his injury; or

(i) Was otherwise careless or negligent.

17. That as a direct and proximate result of one or more, or all, of the aforesaid careless and negligent acts and/or omissions of the Defendant, the Plaintiff was injured in a chemical spill, thereby he sustained severe and permanent injuries, including physically, emotionally, and economically. Plaintiff also suffered great pain and anguish, both in mind and body, and conscious pain and suffering. Plaintiff further expended and became liable for, large sums of money for medical care and services endeavoring to treat said injuries. Plaintiff also suffered great mental anguish, guilt, remorse, and emotional distress as a result of the Defendant's negligence.

WHEREFORE the Plaintiff, ROBERT CROCKER, respectfully prays for judgement in his favor and against the Defendant THE KENAN ADVANTAGE GROUP, INC. in an amount in excess of $75,000 that will fairly and adequately compensate the Plaintiff for injuries and damages sustained, plus costs of suit.

## COUNT II
## ROBERT CROCKER V. BETTS INDUSTRIES, INC.
### (Product Liability)

18. The Plaintiff incorporates paragraphs one (1) through nine (9) of this complaint as if fully alleged herein Count II.

19. On and prior to March 9, 2020, Defendant BETTS INDUSTRIES, INC., was engaged in the business of designing, preparing, manufacturing, maintaining, providing,

4

advertising, distributing, supplying, selling and/or placing for sale certain trailers, valves, and component parts.

20. On and prior to March 9, 2020, Defendant BETTS INDUSTRIES, INC. had in fact, designed, prepared, manufactured, maintained, provided, advertised, distributed, supplied, sold and/or placed for sale Trailers, valves, and component parts and its appurtenance for use to the parties in this case, including the subject trailer, valves, and component parts to Defendant KENAN ADVANTAGE GROUP, INC. which Plaintiff ROBERT CROCKER then used to transport dangerous chemicals.

21. On and prior to March 9, 2020, Defendant BETTS INDUSTRIES, INC. knew or should have known the nature of the business performed with the use of their trailers, valves, and component parts, including the transport dangerous chemicals.

22. On and prior to March 9, 2020, Defendant BETTS INDUSTRIES, INC. participated in the designing, preparing, manufacturing, maintaining, providing, advertising, distributing, supplying, selling and/or placing for sale trailers, valves, and component parts and its appurtenances while said product and/or appurtenances were in an unreasonably dangerous condition with regard to its acknowledged intended and foreseeable uses, and was so at the time the aforesaid trailers, valves, and component parts and/or its appurtenances left the control of the manufacturer, in that:

    (a)    The trailer, valves, and component parts were unreasonably dangerous in design due to the high degree of risk that the product would malfunction or fail to operate as intended; or

    (b)    The trailer, valves, and component parts were unreasonably dangerous due to the manufacturing defects that created a propensity to malfunction or fail to operate as intended; or

    (c)    The trailer, valves, and component parts were unreasonably dangerous in that the Defendant failed to warn consumers or users, including but not

limited to Plaintiff Robert Crocker, of the dangerous condition of said product in that it had a propensity to malfunction or fail to operate as intended; or

(d) The trailer, valves, and component parts were unreasonably dangerous in their propensity to malfunction or fail to operate as intended; or

(e) The trailer, valves, and component parts were unreasonably dangerous because of the propensity to malfunction or fail to operate as intended, including having a failing emergency valve switch; or

23. On and prior to March 9, 2020, the subject trailer, valves, and component parts designed, prepared, manufactured, maintained, provided, advertised, distributed, supplied, sold and/or placed into sale by Defendant BETTS INDUSTRIES, INC. were in use, but malfunctioned or failed to operate as intended, resulting in a chemical spill which was caused to come into contact with Plaintiff ROBERT CROCKER and caused him serious injury.

24. On March 9, 2020, as a direct and proximate result of one or more of the aforesaid unreasonably dangerous conditions of said product and/or its appurtenances, Plaintiff then and there sustained severe and permanent injuries, including physically, emotionally, and economically. Plaintiff also suffered great pain and anguish, both in mind and body, and conscious pain and suffering. Plaintiff further expended and became liable for, large sums of money for medical care and services endeavoring to treat said injuries. Plaintiff also suffered great mental anguish, guilt, remorse, and emotional distress as a result of the Defendant's negligence.

WHEREFORE the Plaintiff, ROBERT CROCKER, respectfully prays for judgement in his favor and against the Defendant BETTS INDUSTRIES, INC. in an amount in excess of $75,000 that will fairly and adequately compensate the Plaintiff for injuries and damages sustained, plus costs of suit.

**COUNT III**
**ROBERT CROCKER v. BETTS INDUSTRIES, INC.**
**(Negligence)**

25. The Plaintiff incorporates paragraphs one (1) through nine (9) of this complaint as if fully alleged herein Count III.

26. On and prior to March 9, 2020, Defendant BETTS INDUSTRIES, INC., was engaged in the business of designing, preparing, manufacturing, maintaining, providing, advertising, distributing, supplying, selling and/or placing for sale certain trailers, valves, and component parts and/or its appurtenances.

27. On and prior to March 9, 2020, Defendant BETTS INDUSTRIES, INC. had in fact, designed, prepared, manufactured, maintained, provided, advertised, distributed, supplied, sold and/or placed for sale the subject trailers, valves, and component parts and its appurtenance for use to Defendant KENAN ADVANTAGE GROUP, INC. which Plaintiff ROBERT CROCKER then used to transport dangerous chemicals.

28. On and prior to March 9, 2020, Defendant BETTS INDUSTRIES, INC. knew or should have known the nature of the business performed with its trailers, valves, and component parts, including the transport dangerous chemicals.

29. On and prior to March 9, 2020, Defendant BETTS INDUSTRIES, INC. had a duty to use ordinary care in the design, preparation, manufacture, advertising, distribution, supply, and sale of the trailers, valves, and component parts so that the trailers, valves, and component parts would be safe for use by patrons.

30. Defendant BETTS INDUSTRIES, INC. was then and there negligent in one or more of the following ways, by and through their respective employees, agents, and/or apparent agents, in that it:

    (a) Failed to make reasonable inspection of the subject trailer, valves, and component parts possession and when the Defendant knew, or in the

7

exercise of ordinary care should have known, that said inspection was necessary to prevent injury to the Plaintiff; or

(b) Negligently and improperly maintained, repaired, installed and modified said trailer, valves, and component parts, when the trailer, valves, and component parts were in its possession when the Defendant had a duty to keep the product in a safe condition; or

(c) Negligently failed to discover the defective condition of the subject trailer, valves, and component parts and/or their component parts and their propensity to malfunction or fail to operate on the subject premises; or

(d) Negligently failed to give adequate warnings concerning the dangerous propensities of said product and/or the likelihood of serious injury occurring in the event of a malfunction or failure to operate of the subject trailer, valves, and component parts; or

(e) The said trailer, valves, and component parts were unreasonably dangerous due to the manufacturing defects that created a propensity to malfunction or fail to operate on the subject premises; or

(f) The Defendant negligently and carelessly provided inadequate safety warnings and instructions regarding the said trailer, valves, and component parts propensity to malfunction or fail to operate as intended; or

(g) The Defendant failed to warn consumers or users of the dangerous condition of said trailer, valves, and component parts and its propensity to malfunction or fail to operate as intended; or

(h) The Defendant had actual knowledge of the defect and the said trailer, valves, and component parts propensity to malfunction or fail to operate as intended; or

(i) The Defendant failed to properly warn or instruct the Plaintiff that the said trailer, valves, and component parts in question was dangerous and/or had a tendency or foreseeable possibility of causing injury by to malfunctioning or failing to operate as intended; or

(j) The product was misrepresented to the Plaintiff, and the general public, and that the product in question was not safe for use by the public and propensity to malfunction or fail to operate on the subject premises; or

31. On and prior to March 9, 2020, the subject trailer, valves, and component parts designed, prepared, manufactured, maintained, provided, advertised, distributed, supplied, sold

and/or placed into sale by Defendant BETTS INDUSTRIES, INC. were in use, but malfunctioned or failed to operate as intended, resulting in a chemical spill which was caused to come into contact with Plaintiff ROBERT CROCKER and caused him serious injury.

32. On March 9, 2020, as a direct and proximate result of one or more of the aforesaid breaches by Defendant, Plaintiff then and there sustained severe and permanent injuries, including physically, emotionally, and economically. Plaintiff also suffered great pain and anguish, both in mind and body, and conscious pain and suffering. Plaintiff further expended and became liable for, large sums of money for medical care and services endeavoring to treat said injuries. Plaintiff also suffered great mental anguish, guilt, remorse, and emotional distress as a result of the Defendant's negligence.

WHEREFORE the Plaintiff, ROBERT CROCKER, respectfully prays for judgement in his favor and against the Defendant BETTS INDUSTRIES, INC., in an amount in excess of $75,000.00 that will fairly and adequately compensate the Plaintiff for injuries and damages sustained, plus costs of suit.

## COUNT IV
## ROBERT CROCKER V. WABASH NATIONAL TRAILER CENTERS, INC.
### (Product Liability)

33. The Plaintiff incorporates paragraphs one (1) through nine (9) of this complaint as if fully alleged herein Count IV.

34. On and prior to March 9, 2020, Defendant WABASH NATIONAL TRAILER CENTERS, INC., was engaged in the business of designing, preparing, manufacturing, maintaining, providing, advertising, distributing, supplying, selling and/or placing for sale certain trailers, valves, and component parts.

35. On and prior to March 9, 2020, Defendant WABASH NATIONAL TRAILER CENTERS, INC. had in fact, designed, prepared, manufactured, maintained, provided, advertised, distributed, supplied, sold and/or placed for sale Trailers, valves, and component parts and its appurtenance for use to the parties in this case, including the subject trailer, valves, and component parts to Defendant KENAN ADVANTAGE GROUP, INC. which Plaintiff ROBERT CROCKER then used to transport dangerous chemicals.

36. On and prior to March 9, 2020, Defendant WABASH NATIONAL TRAILER CENTERS, INC. knew or should have known the nature of the business performed with the use of their trailers, valves, and component parts, including the transport dangerous chemicals.

37. On and prior to March 9, 2020, Defendant WABASH NATIONAL TRAILER CENTERS, INC. participated in the designing, preparing, manufacturing, maintaining, providing, advertising, distributing, supplying, selling and/or placing for sale trailers, valves, and component parts and its appurtenances while said product and/or appurtenances were in an unreasonably dangerous condition with regard to its acknowledged intended and foreseeable uses, and was so at the time the aforesaid trailers, valves, and component parts and/or its appurtenances left the control of the manufacturer, in that:

   (a)   The trailer, valves, and component parts were unreasonably dangerous in design due to the high degree of risk that the product would malfunction or fail to operate as intended; or

   (b)   The trailer, valves, and component parts were unreasonably dangerous due to the manufacturing defects that created a propensity to malfunction or fail to operate as intended; or

   (c)   The trailer, valves, and component parts were unreasonably dangerous in that the Defendant failed to warn consumers or users, including but not limited to Plaintiff Robert Crocker, of the dangerous condition of said product in that it had a propensity to malfunction or fail to operate as intended; or

10

(d)     The trailer, valves, and component parts were unreasonably dangerous in their propensity to malfunction or fail to operate as intended; or

(e)     The trailer, valves, and component parts were unreasonably dangerous because of the propensity to malfunction or fail to operate as intended, including having a failing emergency valve switch; or

38.     On and prior to March 9, 2020, the subject trailer, valves, and component parts designed, prepared, manufactured, maintained, provided, advertised, distributed, supplied, sold and/or placed into sale by Defendant WABASH NATIONAL TRAILER CENTERS, INC. were in use, but malfunctioned or failed to operate as intended, resulting in a chemical spill which was caused to come into contact with Plaintiff ROBERT CROCKER and caused him serious injury.

39.     On March 9, 2020, as a direct and proximate result of one or more of the aforesaid unreasonably dangerous conditions of said product and/or its appurtenances, Plaintiff then and there sustained severe and permanent injuries, including physically, emotionally, and economically. Plaintiff also suffered great pain and anguish, both in mind and body, and conscious pain and suffering. Plaintiff further expended and became liable for, large sums of money for medical care and services endeavoring to treat said injuries. Plaintiff also suffered great mental anguish, guilt, remorse, and emotional distress as a result of the Defendant's negligence.

WHEREFORE the Plaintiff, ROBERT CROCKER, respectfully prays for judgement in his favor and against the Defendant WABASH NATIONAL TRAILER CENTERS, INC. in an amount in excess of $75,000 that will fairly and adequately compensate the Plaintiff for injuries and damages sustained, plus costs of suit.

## COUNT V
## CROCKER v. WABASH NATIONAL TRAILER CENTERS, INC.
### (Negligence)

40.     The Plaintiff incorporates paragraphs one (1) through nine (9) of this complaint as if fully alleged herein Count V.

11

41. On and prior to March 9, 2020, Defendant WABASH NATIONAL TRAILER CENTERS, INC., was engaged in the business of designing, preparing, manufacturing, maintaining, providing, advertising, distributing, supplying, selling and/or placing for sale certain trailers, valves, and component parts and/or its appurtenances.

42. On and prior to March 9, 2020, Defendant WABASH NATIONAL TRAILER CENTERS, INC. had in fact, designed, prepared, manufactured, maintained, provided, advertised, distributed, supplied, sold and/or placed for sale the subject trailers, valves, and component parts and its appurtenance for use to Defendant KENAN ADVANTAGE GROUP, INC. which Plaintiff ROBERT CROCKER then used to transport dangerous chemicals.

43. On and prior to March 9, 2020, Defendant WABASH NATIONAL TRAILER CENTERS, INC. knew or should have known the nature of the business performed with its trailers, valves, and component parts, including the transport dangerous chemicals.

44. On and prior to March 9, 2020, Defendant WABASH NATIONAL TRAILER CENTERS, INC. had a duty to use ordinary care in the design, preparation, manufacture, advertising, distribution, supply, and sale of the trailers, valves, and component parts so that the trailers, valves, and component parts would be safe for use by patrons.

45. Defendant WABASH NATIONAL TRAILER CENTERS, INC. was then and there negligent in one or more of the following ways, by and through their respective employees, agents, and/or apparent agents, in that it:

   (a) Failed to make reasonable inspection of the subject trailer, valves, and component parts possession and when the Defendant knew, or in the exercise of ordinary care should have known, that said inspection was necessary to prevent injury to the Plaintiff; or

   (b) Negligently and improperly maintained, repaired, installed and modified said trailer, valves, and component parts, when the trailer, valves, and

    component parts were in its possession when the Defendant had a duty to keep the product in a safe condition; or

(c) Negligently failed to discover the defective condition of the subject trailer, valves, and component parts and/or their component parts and their propensity to malfunction or fail to operate on the subject premises; or

(d) Negligently failed to give adequate warnings concerning the dangerous propensities of said product and/or the likelihood of serious injury occurring in the event of a malfunction or failure to operate of the subject trailer, valves, and component parts; or

(e) The said trailer, valves, and component parts were unreasonably dangerous due to the manufacturing defects that created a propensity to malfunction or fail to operate on the subject premises; or

(f) The Defendant negligently and carelessly provided inadequate safety warnings and instructions regarding the said trailer, valves, and component parts propensity to malfunction or fail to operate as intended; or

(g) The Defendant failed to warn consumers or users of the dangerous condition of said trailer, valves, and component parts and its propensity to malfunction or fail to operate as intended; or

(h) The Defendant had actual knowledge of the defect and the said trailer, valves, and component parts propensity to malfunction or fail to operate as intended; or

(i) The Defendant failed to properly warn or instruct the Plaintiff that the said trailer, valves, and component parts in question was dangerous and/or had a tendency or foreseeable possibility of causing injury by to malfunctioning or failing to operate as intended; or

(j) The product was misrepresented to the Plaintiff, and the general public, and that the product in question was not safe for use by the public and propensity to malfunction or fail to operate on the subject premises; or

46. On and prior to March 9, 2020, the subject trailer, valves, and component parts designed, prepared, manufactured, maintained, provided, advertised, distributed, supplied, sold and/or placed into sale by Defendant WABASH NATIONAL TRAILER CENTERS, INC. were in use, but malfunctioned or failed to operate as intended, resulting in a chemical spill which was caused to come into contact with Plaintiff ROBERT CROCKER and caused him serious injury.

47. On March 9, 2020, as a direct and proximate result of one or more of the aforesaid breaches by Defendant, Plaintiff then and there sustained severe and permanent injuries, including physically, emotionally, and economically. Plaintiff also suffered great pain and anguish, both in mind and body, and conscious pain and suffering. Plaintiff further expended and became liable for, large sums of money for medical care and services endeavoring to treat said injuries. Plaintiff also suffered great mental anguish, guilt, remorse, and emotional distress as a result of the Defendant's negligence.

WHEREFORE the Plaintiff, ROBERT CROCKER, respectfully prays for judgement in his favor and against the Defendant WABASH NATIONAL TRAILER CENTERS, INC., in an amount in excess of $75,000.00 that will fairly and adequately compensate the Plaintiff for injuries and damages sustained, plus costs of suit.

## COUNT VI
### ROBERT CROCKER V. BRENNER TANK SERVICES LLC
**(Product Liability)**

48. The Plaintiff incorporates paragraphs one (1) through nine (9) of this complaint as if fully alleged herein Count IV.

49. On and prior to March 9, 2020, Defendant BRENNER TANK SERVICES LLC, was engaged in the business of designing, preparing, manufacturing, maintaining, providing, advertising, distributing, supplying, selling and/or placing for sale certain trailers, valves, and component parts.

50. On and prior to March 9, 2020, Defendant BRENNER TANK SERVICES LLC had in fact, designed, prepared, manufactured, maintained, provided, advertised, distributed, supplied, sold and/or placed for sale Trailers, valves, and component parts and its appurtenance for use to the parties in this case, including the subject trailer, valves, and component parts to

14

Defendant KENAN ADVANTAGE GROUP, INC. which Plaintiff ROBERT CROCKER then used to transport dangerous chemicals.

51. On and prior to March 9, 2020, Defendant BRENNER TANK SERVICES LLC knew or should have known the nature of the business performed with the use of their trailers, valves, and component parts, including the transport dangerous chemicals.

52. On and prior to March 9, 2020, Defendant BRENNER TANK SERVICES LLC participated in the designing, preparing, manufacturing, maintaining, providing, advertising, distributing, supplying, selling and/or placing for sale trailers, valves, and component parts and its appurtenances while said product and/or appurtenances were in an unreasonably dangerous condition with regard to its acknowledged intended and foreseeable uses, and was so at the time the aforesaid trailers, valves, and component parts and/or its appurtenances left the control of the manufacturer, in that:

(a) The trailer, valves, and component parts were unreasonably dangerous in design due to the high degree of risk that the product would malfunction or fail to operate as intended; or

(b) The trailer, valves, and component parts were unreasonably dangerous due to the manufacturing defects that created a propensity to malfunction or fail to operate as intended; or

(c) The trailer, valves, and component parts were unreasonably dangerous in that the Defendant failed to warn consumers or users, including but not limited to Plaintiff Robert Crocker, of the dangerous condition of said product in that it had a propensity to malfunction or fail to operate as intended; or

(d) The trailer, valves, and component parts were unreasonably dangerous in their propensity to malfunction or fail to operate as intended; or

(e) The trailer, valves, and component parts were unreasonably dangerous because of the propensity to malfunction or fail to operate as intended, including having a failing emergency valve switch; or

53. On and prior to March 9, 2020, the subject trailer, valves, and component parts designed, prepared, manufactured, maintained, provided, advertised, distributed, supplied, sold and/or placed into sale by Defendant BRENNER TANK SERVICES LLC were in use, but malfunctioned or failed to operate as intended, resulting in a chemical spill which was caused to come into contact with Plaintiff ROBERT CROCKER and caused him serious injury.

54. On March 9, 2020, as a direct and proximate result of one or more of the aforesaid unreasonably dangerous conditions of said product and/or its appurtenances, Plaintiff then and there sustained severe and permanent injuries, including physically, emotionally, and economically. Plaintiff also suffered great pain and anguish, both in mind and body, and conscious pain and suffering. Plaintiff further expended and became liable for, large sums of money for medical care and services endeavoring to treat said injuries. Plaintiff also suffered great mental anguish, guilt, remorse, and emotional distress as a result of the Defendant's negligence.

WHEREFORE the Plaintiff, ROBERT CROCKER, respectfully prays for judgement in his favor and against the Defendant BRENNER TANK SERVICES LLC in an amount in excess of $75,000 that will fairly and adequately compensate the Plaintiff for injuries and damages sustained, plus costs of suit.

## COUNT VII
**CROCKER v. BRENNER TANK SERVICES LLC**
**(Negligence)**

55. The Plaintiff incorporates paragraphs one (1) through nine (9) of this complaint as if fully alleged herein Count VII.

56. On and prior to March 9, 2020, Defendant BRENNER TANK SERVICES LLC, was engaged in the business of designing, preparing, manufacturing, maintaining, providing,

16

advertising, distributing, supplying, selling and/or placing for sale certain trailers, valves, and component parts and/or its appurtenances.

57. On and prior to March 9, 2020, Defendant BRENNER TANK SERVICES LLC had in fact, designed, prepared, manufactured, maintained, provided, advertised, distributed, supplied, sold and/or placed for sale the subject trailers, valves, and component parts and its appurtenance for use to Defendant KENAN ADVANTAGE GROUP, INC. which Plaintiff ROBERT CROCKER then used to transport dangerous chemicals.

58. On and prior to March 9, 2020, Defendant BRENNER TANK SERVICES LLC knew or should have known the nature of the business performed with its trailers, valves, and component parts, including the transport dangerous chemicals.

59. On and prior to March 9, 2020, Defendant BRENNER TANK SERVICES LLC had a duty to use ordinary care in the design, preparation, manufacture, advertising, distribution, supply, and sale of the trailers, valves, and component parts so that the trailers, valves, and component parts would be safe for use by patrons.

60. Defendant BRENNER TANK SERVICES LLC was then and there negligent in one or more of the following ways, by and through their respective employees, agents, and/or apparent agents, in that it:

    (a)    Failed to make reasonable inspection of the subject trailer, valves, and component parts possession and when the Defendant knew, or in the exercise of ordinary care should have known, that said inspection was necessary to prevent injury to the Plaintiff; or

    (b)    Negligently and improperly maintained, repaired, installed and modified said trailer, valves, and component parts, when the trailer, valves, and component parts were in its possession when the Defendant had a duty to keep the product in a safe condition; or

17

(c) Negligently failed to discover the defective condition of the subject trailer, valves, and component parts and/or their component parts and their propensity to malfunction or fail to operate on the subject premises; or

(d) Negligently failed to give adequate warnings concerning the dangerous propensities of said product and/or the likelihood of serious injury occurring in the event of a malfunction or failure to operate of the subject trailer, valves, and component parts; or

(e) The said trailer, valves, and component parts were unreasonably dangerous due to the manufacturing defects that created a propensity to malfunction or fail to operate on the subject premises; or

(f) The Defendant negligently and carelessly provided inadequate safety warnings and instructions regarding the said trailer, valves, and component parts propensity to malfunction or fail to operate as intended; or

(g) The Defendant failed to warn consumers or users of the dangerous condition of said trailer, valves, and component parts and its propensity to malfunction or fail to operate as intended; or

(h) The Defendant had actual knowledge of the defect and the said trailer, valves, and component parts propensity to malfunction or fail to operate as intended; or

(i) The Defendant failed to properly warn or instruct the Plaintiff that the said trailer, valves, and component parts in question was dangerous and/or had a tendency or foreseeable possibility of causing injury by to malfunctioning or failing to operate as intended; or

(j) The product was misrepresented to the Plaintiff, and the general public, and that the product in question was not safe for use by the public and propensity to malfunction or fail to operate on the subject premises; or

61. On and prior to March 9, 2020, the subject trailer, valves, and component parts designed, prepared, manufactured, maintained, provided, advertised, distributed, supplied, sold and/or placed into sale by Defendant BRENNER TANK SERVICES LLC were in use, but malfunctioned or failed to operate as intended, resulting in a chemical spill which was caused to come into contact with Plaintiff ROBERT CROCKER and caused him serious injury.

62. On March 9, 2020, as a direct and proximate result of one or more of the aforesaid breaches by Defendant, Plaintiff then and there sustained severe and permanent injuries, including physically, emotionally, and economically. Plaintiff also suffered great pain and anguish, both in mind and body, and conscious pain and suffering. Plaintiff further expended and became liable for, large sums of money for medical care and services endeavoring to treat said injuries. Plaintiff also suffered great mental anguish, guilt, remorse, and emotional distress as a result of the Defendant's negligence.

WHEREFORE the Plaintiff, ROBERT CROCKER, respectfully prays for judgement in his favor and against the Defendant BRENNER TANK SERVICES LLC, in an amount in excess of $75,000.00 that will fairly and adequately compensate the Plaintiff for injuries and damages sustained, plus costs of suit.

Respectfully Submitted,
TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC

By: _____
James P. Lynch

James P. Lynch
Grant A. Bosnich
TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC
225 West Wacker Drive, Suite 1650
Chicago, Illinois 60606
P: 312.586.1700
F: 312.586.1701
jlynch@tpmblegal.com
gbosnich@tpmblegal.com

19